## Case No. 456.

### ANONYMOUS.

[29 Leg. Int. (1872,) 20.]

District Court, E. D. New York.

BANKRUPTCY—JURISDICTION—CONVERSION OF REALTY INTO PERSONALTY—INCUMBRANCES.

[Under the first section of the bankrupt act of March 2, 1867, (14 Stat. 517, c. 176,) a bankruptcy court has jurisdiction to order a sale of real property of the bankrupt free from incumbrances, which are thereby transferred to the proceeds of the sale, but an application for such an order should be denied when it does not appear who are the incumbrancers, and whether they have had notice of the application.]

[See note at end of case.]

[In bankruptcy. Application for an order to authorize the sale of the Brooklyn Hall and Market, at Fulton street and Myrtle avenue. Denied.]

BENEDICT, District Judge. I am of the opinion that under the first section of the bankrupt act [March 2, 1867; 14 Stat. 517, c. 176] the bankrupt court acquires jurisdiction to order a sale of incumbered property of the bankrupt free from the incumbrances, which incumbrances will be thereby transferred to the proceeds of the sale. I am further of the opinion, that upon the facts, so far as they have been made to appear in support of this petition, it will be for the

interest of the estate to sell the real estate referred to, subject to the first mortgage and free from all other liens or incumbrances. But I am of the opinion that no such order of sale can be properly made without previous notice to all persons claiming to have liens, incumbrances or interests in said property, and that the present application must be denied, inasmuch as it does not appear what persons have liens, incumbrances, and interests in said property, nor that such persons have had notice of this application. Whether the relief in question can be granted on a petition in the bankruptcy court, or should be prayed for by a bill in equity, it is not necessary now to decide.

[NOTE. Act March 2. 1867, § 1, (14 Stat. 517, c. 176,) provides: "The jurisdiction hereby conferred shall extend to all cases and controversies arising between the bankrupt and any creditor or creditors who shall claim any debt or demand under the bankruptcy; to the collection of all the assets of the bankrupt; to the ascertainment and liquidation of the liens and other specific claims thereon; to the adjustment of the various priorities and conflicting interests of all parties; and to the marshaling and disposition of the different funds and assets, so as to secure the rights of all parties and due distribution of the assets among all the creditors; and to all acts, matters, and things to be done under and in virtue of the bankruptcy, until the final distribution and settlement of the estate of the bankrupt, and the close of the proceedings in bankruptcy. The said courts shall have full authority to compel obedience to all orders and decrees passed by 'hem in bankruptcy, by process of contempt and other remedial process, to the same extent that the circuit courts now have in any suit pending therein in equity."]